IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DALLAS PASS, on behalf of himself          :
and all others similarly situated,         :
                                           :
     Plaintiffs,                          :
                                           :    Civil Action File No.
v.                                         :
                                           :    _____
HSI FINANCIAL SERVICES, LCC f/k/a          :
HSI FINANCIAL SERVICES, INC.               :    **Jury Trial Demanded**
                                           :
     Defendant.                           :
_____:

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.    Plaintiff DALLAS PASS seeks redress on behalf of himself and all others similarly situated who may have received calls to a cellular telephone made or initiated by Defendants using an artificial or prerecorded voice message and/or using an automatic telephone dialing system without the prior express consent of the called party. Plaintiff alleges that Defendant's conduct violated the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, and the regulations promulgated thereunder, 47 CFR § 64.1200.

## PARTIES, JURISDICTION AND VENUE

2.     Plaintiff is a natural person who resides within Atlanta Division of the

Northern District of Georgia, and is authorized by law to bring this action.

3.     Defendant HSI FINANCIAL SERVICES, LLC f/k/a HSI FINANCIAL

SERVICES, INC. [hereinafter Defendant referred to as "HSI"] is a limited

liability company organized under the laws of the state of Georgia.

4.     Defendant HSI operates primarily as a debt collector for the healthcare

industry within the state of Georgia.

5.     HSI conducts its business throughout the state of Georgia, including within

the Northern District of Georgia.

6.     In the course of its business, HSI initiated telephone calls to Plaintiff's

cellular telephone within the Northern District of Georgia.

7.     Plaintiff's causes of action against HSI arise from telephone calls to his

cellular telephone number within the Northern District of Georgia.

8.     HSI is subject to the jurisdiction and venue of this Court.

9.     HSI may be served by person service upon its registered agent, CT

Corporation System, located at 1201 Peachtree Street NE, Suite 1240,

Atlanta, GA 30361.

2

10.    Alternatively, HSI may be served by personal service upon its authorized officer and agents, including but not limited to Terry Johnson, at its principal place of business, to wit: 1000 Circle 75 Pkwy SE, Suite 650, Atlanta, GA 30339-6051.

11.    Other defendants may be discovered in the course of litigation. As such, Plaintiff respectfully requests that this Court permit the addition of later discovered Defendants upon motion.

## FACTUAL ALLEGATIONS

12.    The named Plaintiff has been the sole subscriber and regular user of cellular telephone service for telephone number (770) 655-6494 for a period in excess of four years.

13.    In the four year period preceding the filing of this action, HSI has initiated a series of telephone calls to Plaintiff's cellular telephone number using artificial or prerecorded voice messages.

14.    In the four year period preceding the filing of this action, HSI has initiated a series of telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

3

15.    Plaintiff received at least two calls to his cellular telephone number as described in paragraphs 13 and 14 above.

16.    At least two of the calls from HSI to Plaintiff contained exactly the same message spoken in the same voice, as follows:

**"This is a message for Isabelle Hunter. If we have reached the wrong number for this person, please call us back at (888) 355-8775 to remove your phone number. If you are not Isabelle Hunter, please hang up or disconnect. If you are Isabelle Hunter, please continue to listen to this message. There will now be a three second pause in this message [beep...beep...beep]. By continuing to listen to this message, you acknowledge you are Isabelle Hunter. You should not listen to this message so that other people can hear it as it contains personal and private information. We will now be a three second pause in this message to allow you to listen to this message in private [beep...beep...beep]. This is Jay Beal from HSI Financial Services. This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose. Please contact me about an important business matter at (800) 282-3108. Again,**

4

**please contact me at (800) 282-3108."**

17. HSI used an artificial or prerecorded voice message when it initiated calls to Plaintiff and the class.

18. The telephone calls to Plaintiff's cellular telephone number, and the class members, were initiated using contact center software.

19. HSI uses or has used contact center software created by Ontario Systems or Natural Micro Systems.

20. HSI used such contact center software dialing system when calling Plaintiff.

21. The software has a feature called "unattended messaging" which permits the dialer to dial a list of telephone numbers and play prerecorded voice mail messages without any natural person taking calls in the campaign.

22. In "unattended messaging" mode, calls are strictly dialed by the technology without any human intervention.

23. HSI's contact center software has the capacity to store a database of telephone numbers.

24. HSI's contact center software has the capacity to dial telephone numbers from a stored list, either at random or in some sequence.

25. HSI's contact center software has the capacity to dial from a database of

stored telephone numbers without human intervention.

26. Use of an unattended artificial or prerecorded voice message without Plaintiff's prior express consent, itself represents a violation of the TCPA; moreover, initiating calls coupled with the use of unattended voice recordings evidences the ability to dial without human intervention.

27. All of the calls that HSI initiated to Plaintiff's cellular telephone number, and to the class, were intiated using software which has the capacity to predictively dial.

28. HSI used an automatic telephone dialing system to initiate calls to Plaintiff and to the class.

29. Plaintiff does not know Isabelle Hunter and did not provide HSI with his prior express consent for HSI to initiate calls to his cellular telephone number using an artificial or prerecorded voice message or using an automatic telephone dialing system.

30. As a member of ACA International, a credit and collection trade organization, HSI has received substantial up-to-date literature on TCPA compliance particularly concerning businesses in the credit and collection industry, including fastfaxes and listserv material.

31.    Manufacturers and vendors of dialing software, hardware and equipment, such as that employed by HSI, routinely provide their clients manuals and other media concerning TCPA compliance, in particular scrubbing or flagging of cellular telephone numbers.

32.    HSI knew, or should have known, about the TCPA and its compliance obligations as a debt collector thereunder.

33.    In order to ensure compliance with its TCPA obligations, HSI should have conducted a simple scrub of cellular telephone numbers using a recognized database, such as Neustar, to determine that (770) 655-6494, and class members' telephone numbers, were cellular telephone numbers.

34.    The failure to properly scrub to determine whether (770) 644-6494, and class members' telephone numbers, were cellular telephone numbers was in reckless disregard of HSI's TCPA obligations.

35.    The telephone calls to Plaintiff's cellular telephone, and to class members, were initiated intentionally using artificial or prerecorded voice messages.

36.    The telephone calls to Plaintiff's cellular telephone, and to class members, were initiated intentionally using an automatic telephone dialing system.

37.    The telephone calls to Plaintiff's cellular telephone, and to class members,

were initiated willfully and/or knowingly using artificial or prerecorded voice messages.

38. The telephone calls to Plaintiff's cellular telephone, and to class members, were initiated willfully and/or knowingly using an automatic telephone dialing system.

39. HSI's use of artificial or prerecorded voice messages when it initiated calls to cellular telephones did not result from accident or mistake.

40. HSI's use of an automatic telephone dialing system to initiate calls to cellular telephones did not result from accident or mistake.

41. The telephone calls to Plaintiff's cellular telephone number, and to the class members, were inconvenient, annoying, a nuisance, invaded Plaintiff's and class members' privacy interests, and temporarily occupied use of Plaintiff's and class members' telephone lines.

42. All conditions precedent to bringing this action have been complied with.

## CLASS ACTION ALLEGATIONS

43. This action is brought on behalf of a class defined as (i) all persons to whom a call was initiated by or on behalf of HSI to (ii) such person's cellular

telephone number (iii) using the same or similar telephone dialing system(s) used by Defendant, or any person on its behalf, to call (770) 655-6494 (iv) in the four year period preceding the filing of this action, through the date of class certification; (v) excluded from the class are those persons who directly provided his or her cell phone number to HSI or the creditor on whose behalf HSI was calling and did not subsequently revoke consent.

44.   Plaintiff alleges a subclass of such persons in which a voice message was left with the same or similar script message, with the exception of the debtor's name, was played.

45.   In the alternative, Plaintiff alleges a subclass of all such persons who did not incur the debt upon which HSI was calling to collect.

46.   The exact size of the class is information within the exclusive knowledge of the Defendant.

47.   The class is so numerous that joinder of all members is impractical.

48.   The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  This allegation is based upon the following information: 1) Plaintiff himself received many calls to his cellular telephone from HSI, indicating Defendant

9

did not scrub to remove cellular telephone numbers; 2) the very purpose of automated dialers is to call numerous persons in a short amount of time, and Plaintiff received multiple calls to his cellular telephone; and 3) the sheer size and scope of HSI's collection campaigns.

49.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

     a.  Whether HSI's dialing system(s) constitutes an automatic telephone dialing system under the TCPA and/or the FCC's rules;

     b.  Whether HSI's voice messages used an artificial or prerecorded voice under the TCPA and/or the FCC's rules; and

     c.  Whether the telephone calls were made knowingly or willfully.

50.     The claims of the Plaintiff are typical of those of the class members.  All are based on the same facts and legal theories.

51.     Plaintiff will fairly and adequately protect the interests of the class.  He has retained counsel experienced in handling TCPA robocall actions and class actions.  Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

10

52.    Certification of the class under Fed. R. Civ. P. 23 is appropriate in that:

a.    The questions of law or fact common to the members of the class

predominate over any questions affecting an individual member;

b.    A class action is superior to other available methods for the fair and

efficient adjudication of the controversy. Class treatment will permit a

large number of similarly situated persons to prosecute their common

claims relating to Defendant's autodialed calls to their cellular

telephones in a single forum simultaneously, efficiently, and without

the duplication of effort and expense that numerous individual

lawsuits would entail. Absent a class action, many members of the

class will likely not even obtain relief, whether because they are

unaware of their right to relief from the harm caused by Defendant's

illegal practices, due to the prohibitive time and monetary cost

inherent in individual litigation, or otherwise.

53.    Plaintiff requests certification of a class pursuant to Fed. R. Civ. P. 23(b)(3)

for his claims of monetary damages.

54.    Defendant has acted on grounds that apply generally to the class making

final injunctive relief appropriate to the class as a whole.

55.    Plaintiff requests certification of a class pursuant to Fed. R. Civ. P. 23(b)(2)

for his claims for injunctive relief.


**CAUSES OF ACTION**

**COUNT ONE: MONETARY DAMAGES PURSUANT TO
47 U.S.C. §227(b)(3)(B) FOR IMPROPER USE OF ARTIFICIAL OR
PRECORDED VOICE MESSAGES**

56.    The acts of Defendant constitute violations of the Telephone Consumer

Protection Act's prohibitions on the use of artificial or prerecorded voice

messages and the regulations promulgated thereunder.

57.    Defendant made and/or initiated telephone calls using an artificial or

prerecorded voice message to telephone numbers assigned to cellular

telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR

§ 64.1200(a)(1)(iii) and (a)(2).

58.    As a result of Defendant's actions, Plaintiff and the members of the class are

entitled to an award of damages of $500.00 for each such violation pursuant

to 47 U.S.C. § 227(b)(3)(B).

59.    Defendant's violations were committed willfully.

60.    Defendant's violations were committed willfully.

12

61.   Plaintiff, on behalf of himself and the class, requests the court treble

damages pursuant to 47 U.S.C. §227(b)(3).

**COUNT TWO:  INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF ARTIFICIAL OR PRERECORDED VOICE MESSAGES**

62.   The acts described above constitute violations of the Telephone Consumer

Protection Act by Defendant's use of artificial or prerecorded voice

messages to make and/or initiate calls to Plaintiff's and to class members'

cellular telephone numbers.  As evidenced by Defendant's continuing

calling of Plaintiff, in violation of the TCPA, Defendant's policies and

procedures violate the TCPA on a continuing basis.

63.   Based on Defendant's pattern and practice of violating the TCPA, future

violations will continue.

64.   The only way to prevent the Defendant from continuing to violate the TCPA

is to enjoin the defendant from further use of artificial or prerecorded voice

messages.

65.   Accordingly, Plaintiff, individually and on behalf of the Class, seeks

injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit

Defendant from continuing use of artificial and prerecorded voices.

66.    In the alternative, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of artificial and prerecorded voices without the prior express consent of the called party.

### COUNT THREE: MONETARY DAMAGES PURSUANT TO 47 U.S.C. §227(b)(3)(B) FOR IMPROPER USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM

67.    The acts of Defendant constitute violations of the Telephone Consumer Protection Act's prohibitions on the use of automatic telephone dialing systems and the regulations promulgated thereunder.

68.    Defendant made and/or initiated telephone calls using an automatic telephone dialing system to telephone numbers assigned to a cellular telephone service, in violation of 47 § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

69.    As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(b)(3)(B).

70.    Defendant's violations were committed willfully.

14

71.   Defendant's violations were committed willfully.

72.   Plaintiff, on behalf of himself and the class, requests the court treble

damages pursuant to 47 U.S.C. §227(b)(3).

**COUNT FOUR:  INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF AUTOMATIC TELEPHONE DIALING SYSTEMS**

73.   The acts described above constitute violations of the Telephone Consumer

Protection Act by Defendant's use of an automatic telephone dialing system

to make and/or initiate calls to Plaintiff's and to class members' cellular

telephone numbers.  As evidenced by Defendant's continuing calling of

Plaintiff, in violation of the TCPA, Defendant's policies and procedures

violate the TCPA on a continuing basis.

74.   Based on Defendant's pattern and practice of violating the TCPA, future

violations will continue.

75.   The only way to prevent the Defendant from continuing to violate the TCPA

is to enjoin the defendant from further use of an automatic telephone dialing

system.

76.   Accordingly, Plaintiff, individually and on behalf of the Class, seeks

15

injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of an automatic telephone dialing system.

77.   In the alternative, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of an automatic telephone dialing system without the prior express consent of the called party.

## COUNT FIVE: BAD FAITH ATTORNEYS' FEES

78.   Defendant willfully, knowingly, and intentionally violated the TCPA in initiating artificial or prerecorded voice message and/or autodialed telephone calls to Plaintiff's and class members' cellular telephone numbers without prior express consent.

79.   "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 1810 (2000).

80.   "There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA C 13-6-11. Rather, 'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees'

even when only a federal law claim for damages is submitted to the finder of fact." *Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

81. Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff and the class, unnecessary trouble and expense, and as such, Plantiff and the class are entitled to an award of the expenses of litigation, including a reasonable attorneys' fee, pursuant to O.C.G.A. § 13-6-11.

## JURY TRIAL DEMAND

82. Plaintiff hereby demands trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

83. Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, emails, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, Plaintiff or the class, initiating telephone calls, the events described herein, and any third party associated with a telephone call, campaign, telemarketing, account, sale or file associated with Plaintiff or the class, and any account number(s) or

17

symbol(s) relating to any of the above. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party who has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself, and the class he seeks to represent, as follows:

A.    Certification of this matter to proceed as a class action;

B.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A);

C.    Damages in the liquidated amounts provided by statute pursuant to 47 U.S.C. § 227(b)(3)(B);

D.    Treble damages pursuant to 47 U.S.C. § 227(b)(3);

E.    Attorney's fees and litigation expenses of suit pursuant to O.C.G.A. § 13-6-11;

F.    Costs of this Action; and

18

G.     Such further and additional relief as the court deems just and proper.

Respectfully submitted,

SKAAR & FEAGLE, LLP

By:     /s/ James M. Feagle
        James M. Feagle
        Georgia Bar No. 256916
        jfeagle@skaarandfeagle.com
        Cliff R. Dorsen
        Georgia Bar No. 149254
        cdorsen@skaarandfeagle.com
        2374 Main Street, Suite B
        Tucker, GA 30084
        Tel:   (404) 373-1970
        Fax:   (404) 601-1855

        Justin T. Holcombe
        Georgia Bar No. 552100
        jholcombe@skaarandfeagle.com
        Kris Skaar
        Georgia Bar No. 649610
        kskaar@skaarandfeagle.com
        133 Mirramont Lake Drive
        Woodstock, GA 30189
        Tel:   (770) 427-5600
        Fax:   (404) 601-1855

        ATTORNEYS FOR PLAINTIFF